SRL:FFA:ZAC
2007 V 00748

**07    2191**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**IRIZARRY, J.**

- - - - - - - - - - - - - - - - - - -x

JOSE CASTELLANOS,                        :        **NOTICE OF REMOVAL**

                    Plaintiff,           :    FILED Civil Action No.
                                              IN CLERK'S OFFICE 07-
     -against-                           :    U.S. DISTRICT COURT E.D.N.Y.    **MATSUMOTO, M.J.**
                                              ★  MAY 30 2007  ★
ELRAC Inc., CEDRIC G. BARKSDALE,         :                        , M.J.)
APOSTOLES P. MANOLIS, and SPIROS              BROOKLYN OFFICE
SYSTEMS 40, Inc.,                        :

                    Defendants.          :

- - - - - - - - - - - - - - - - - - -x

     TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
          COURT FOR THE EASTERN DISTRICT OF NEW YORK:

     PLEASE  TAKE  NOTICE  that  the  above-entitled  action

presently pending in the Supreme Court of the State of New York,

County of Queens, has been removed to the United States District

Court for the Eastern District of New York.

     ROSLYNN  R.  MAUSKOPF,  United  States  Attorney  for  the

Eastern District of New York, by Zachary A. Cunha, Assistant United

States  Attorney,  of  counsel,  respectfully  states  the  following

facts upon information and belief:

     1.   The above-captioned action was commenced on or about

March 21, 2007 in the Supreme Court of the State of New York,

County of Queens, under Index Number 7266/2007, and names ELRAC,

Inc., Cedric G. Barksdale, Apostoles P. Manolis, and Spiros Systems

40, Inc., as defendants.  See Summons with Notice and Verified

Complaint, annexed hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446(a)

2.   The action alleges, <u>inter alia</u>, that defendant Cedric G. Barksdale was negligent in his operation of a motor vehicle bearing license plate number CWK2912, and that personal injury and property damage were sustained by Plaintiff as a result.   <u>See</u> <u>Id.</u>

3.   On or about April 30, 2007, the United States of America, through the Federal Bureau of Investigation ("FBI"), received a copy of the summons and complaint in this action.

4.   At all relevant times alleged in the complaint, defendant Cedric G. Barksdale was an employee of the New York City Police Department ("NYPD"), deputized as an officer of the United States of America for purposes of service with the FBI/NYPD Joint Terrorism Task Force, and was acting within the course and scope of his employment as a deputized federal employee.   <u>See</u> Declaration of Raymond Gatto, annexed hereto as Exhibit "B"; Certification of Zachary A. Cunha, Assistant United States Attorney, annexed hereto as Exhibit "C."

5.   Pursuant to 5 U.S.C. § 3374, an employee of a state or local government who is assigned to a federal agency is deemed an employee of the agency for purposes of the Federal Tort Claims Act.

6.   Upon information and belief, in accordance with 28 U.S.C. § 2679(d)(2), as of the date of this notice, this action has

-2-

not proceeded to trial in the Supreme Court of the State of New York and remains at the pre-trial stage.

7.    It appears that the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1346.

8.    Pursuant to 28 U.S.C. § 1442, this action may be removed to this Court.

9.    Pursuant to 28 U.S.C. § 2408, the United States of America  may remove this action without a bond.

10.   Pursuant to 28 U.S.C. § 2679(d)(2), the United States is substituted as party-defendant in place of defendant Cedric G. Barksdale.  A proposed Order of Substitution is annexed hereto as Exhibit "D."

WHEREFORE, it is respectfully requested that the above-captioned action pending in the Supreme Court of the State of New York, County of Queens, be removed to this Court; and

THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK

-3-

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Court, Supreme Court of the State of New York, County of Queens, shall effect the removal, and the state court shall proceed no further with respect to the action, unless and until the case is remanded thereto.

Dated:     Brooklyn, New York
           May 30, 2007

                        Respectfully submitted,

                        ROSLYNN R. MAUSKOPF
                        United States Attorney
                        Eastern District of New York
                        Attorney for Defendant the United
                        States of America
                        One Pierrepont Plaza, 14th Floor
                        Brooklyn, New York   11201

          By:    _____
                        Zachary A. Cunha (ZC 5946)
                        Assistant United States Attorney
                        (718) 254-6094

TO:   Clerk of Court
      Supreme Court of the State of New York,
           County of Queens
      88-11 Sutphin Blvd.
      Jamaica, NY 11435
      (Via Federal Express)

      Lawrence Rosenblatt, Esq.
      Rosenblatt, Frasciello, & Knipping-Diaz, LLC
      4791 Broadway, New York, NY 10034
      (Via Federal Express)

      Spiros Systems 40, Inc.
      50-06 Bovine Street
      Flushing, NY 11355
      (Via Federal Express)

      Apostolis P. Manolis
      20-33 Shore Boulevard
      Astoria, NY 11105
      (Via Federal Express)

                        -4-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------x

JOSE CASTELLANOS,

                    Plaintiff,

     - against -

ELRAC INC., CEDRIC G. BARKSDALE,
APOSTOLES P. MANOLIS, and SPIROS
SYSTEMS 40 INC.,

                    Defendants.

------------------------------------------x

Index # 1366-07
Date Summons filed: 3-21-07
Plaintiff designates Queens
County as the Place of trial
The basis of the venue is:
Plaintiff's residence.

**SUMMONS WITH NOTICE**

Plaintiff's residence:
34-12 109th Street Apt. #1
Corona, NY 11368

To the above named Defendants:

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, on the Plaintiff within twenty (20) days after
the service of this summons, exclusive of the day of service, where service
is made by deliver upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 16, 2007

ROSENBLATT, FRASCIELLO
& KNIPPING-DIAZ, LLC
Attorneys for Plaintiff(s)
Office and Post Office Address
4791 Broadway
New York, New York 10034
(212) 544-8892

Defs.: via Secretary of State
       ELRAC INC.
       1550 Rt. 23N
       Wayne, NJ 07470

       CEDRIC G. BARKSDALE
       26 Federal Plaza
       New York, NY 10278

SPIROS SYSTEMS 40 INC.
50-06 Bovine Street
Flushing, NY 11355

APOSTOLES P. MANOLIS
20-33 Shore Blvd.
Astoria, NY 11105

Notice:  The nature of this action is **to recover damages for
personal injuries due to negligence.**

The relief sought is **monetary.**

     **Upon your failure to appear, judgment will be taken against you by
default for the sum of $            with interest from May 26, 2004 costs
of this action.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------x
JOSE CASTELLANOS,

                    Plaintiff,

          - against -                                    VERIFIED COMPLAINT

ELRAC INC., CEDRIC G. BARKSDALE,
APOSTOLES P. MANOLIS, and SPIROS
SYSTEMS 40 INC.,
                    Defendants.
-----------------------------------------x

          Plaintiff, JOSE CASTELLANOS, by his attorneys,

ROSENBLATT, FRASCIELLO & KNIPPING-DIAZ, LLC, complaining of

defendants, ELRAC INC., CEDRIC G. BARKSDALE, APOSTOLES P.

MANOLIS, and SPIROS SYSTEMS 40 INC., alleges and shows as

follows:

## AS AND FOR A FIRST CAUSE OF ACTION

          1.     At all times hereinafter mentioned,

plaintiff, JOSE CASTELLANOS, was and still is a resident of

New York State.

          2.     Upon information and belief, at all times

hereinafter mentioned, defendants, ELRAC INC., CEDRIC G.

BARKSDALE, APOSTOLES P. MANOLIS, and SPIROS SYSTEMS 40 INC.,

were and still are residents of the State of New York.

          3.     At all times hereinafter mentioned,

defendant, ELRAC INC., was the owner of the motor vehicle

bearing plate #CWK2912 for the State of New York.

1

vehicle owned by defendant, ELRAC INC., was driven by defendant, CEDRIC G. BARKSDALE, on certain public highway(s) or thoroughfare(s) in the State of New York with the owner's permission, acquiescence and consent.

5. At all times hereinafter mentioned defendant, SPIROS SYSTEMS 40 INC., was the owner of the motor vehicle bearing plate #4L61-A for the State of New York.

6. At all times hereinafter mentioned, the motor vehicle owned by defendant, SPIROS SYSTEMS 40 INC., was driven by defendant, APOSTOLES P. MANOLIS, on certain public highway(s) or thoroughfare(s) in the State of New York with the owner's permission, acquiescence and consent.

7. At all times hereinafter mentioned, plaintiff, JOSE CASTELLANOS, was lawfully and properly operating a motor vehicle, bearing plate # AJJ4747 for the State of New York, owned by plaintiff.

8. At all times hereinafter mentioned, the South Bound FDR Drive and exit ramp of East 63rd Street, in the County, City and State of New York, were and still are public highway(s) or thoroughfare(s) in common use by the residents of the said State and others.

9. On May 26, 2004, at approximately 3:30 p.m., plaintiff, JOSE CASTELLANOS, was lawfully and properly operating a motor vehicle owned by Plaintiff when, at the abovementioned location, the said motor vehicle operated by

Plaintiff was struck in the rear by the motor vehicle owned by defendant, ELRAC INC. and operated by defendant, CEDRIC G. BARKSDALE when motor vehicle owned by defendant, SPIROS SYSTEMS 40 INC., and driven by defendant, APOSTOLES P. MANOLIS, stopped suddenly.

10.     At the time, place and occurrence of the accident herein, defendant, ELRAC INC., did own and maintain the aforementioned vehicle bearing plate #CWK2912 for the State of New York and defendant, CEDRIC G. BARKSDALE, operated and controlled the aforementioned vehicle in such a careless, reckless and wanton manner as to display a total disregard to the rights of plaintiff herein.

11.     At the time, place and occurrence of the accident herein, defendant, SPIROS SYSTEMS 40 INC. did own and maintained the aforementioned vehicle bearing plate #4L61-A for the State of New York and defendant, APOSTOLES P. MANOLIS, operated and controlled the aforementioned vehicle in such a careless, reckless and wanton manner as to display a total disregard to the rights of plaintiff herein.

12.     The negligence of defendants consisted, among other things, of the following:

A.     In failing to have and keep the said motor vehicle under proper or reasonable control or under such control that defendants could stop the said vehicle in time to avoid the accident herein alleged so as not to endanger the

life, limb, property or safety of persons lawfully on the public highways and roads.

B.    In failing to exercise reasonable care, diligence and prudence in the circumstances.

C.    In failing to properly and adequately apply the braking appliance of the motor vehicle in an effective and safe manner.

D.    In operating the vehicle in such a careless and negligent manner so as to lose control of same.

E.    In failing to have the vehicle under control.

F.    In operating the vehicle at an excessive, unlawful and dangerous rate of speed.

G.    In failing to be vigilant and to keep a careful lookout for persons and/or other vehicles on the public highways and roads.

H.    In failing to slow down or stop the motor vehicle with reasonable care and diligence in order to avoid the accident herein.

I.    In then and there operating the said vehicle in violation of the laws, statutes and ordinances in such cases made and provided.

J.    In then and there failing to take every or, in fact, any reasonable precaution to avoid the accident herein.

4

K.      In then and there failing to observe the rules of the road in such cases.

L.      In deviating and departing from the standard of care required under the circumstances.

M.      In ignoring the conditions then and there prevailing.

N.      In then and there following the plaintiff's vehicle too closely and in not providing proper and adequate distance between automobiles.

O.      Defendants at the time and place aforesaid saw or should have seen plaintiff in a position of imminent peril in time by the exercise of ordinary and reasonable care and could and should have stopped the vehicle or reduced the speed or turned the vehicle, or taken such steps as would have been reasonable under the circumstances but defendants failed to do so and failed to take any care or precaution to avoid or prevent the accident herein.

P. In allowing defendant, CEDRIC G. BARKSDALE, to carelessly and recklessly operate said motor vehicle owned by defendant, ELRAC INC., with the owner's permission, acquiescence and consent.

Q. In allowing defendant, CEDRIC G. BARKSDALE, to carelessly and recklessly operate said motor vehicle owned by defendant, SPIROS SYSTEMS 40 INC., with the owner's permission, acquiescence and consent.

5

13.   The negligence of defendants was the sole cause of the aforementioned accident and that there was no negligence, whatsoever, on the part of plaintiff in any way contributing thereto.

14.   As a direct result of the aforementioned accident, plaintiff, JOSE CASTELLANOS, has sustained a permanent loss or loss of use of a body member, function and/or system; a serious and permanent limitation of use of a body member, function and/or system; an impairment preventing plaintiff from substantially performing all those natural acts which constitute the usual and customary daily activities of plaintiff for a period in excess of 90 days after the occurrence of the injuries; and other serious and permanent injuries as defined by the Insurance Law of the State of New York.

15.   The within action is one of the exceptions to the limited liability provisions of Article 16 of the CPLR.

16.   As a direct result of the said accident, plaintiff, JOSE CASTELLANOS, was rendered to be sick, sore, lame and disabled; sustained and suffered from serious, painful and permanent injuries and/or conditions; was subjected to unnecessary pain and suffering, mentally, physically and otherwise; and was and will be compelled to undergo extensive medical and medicinal care and attention.

6

## AS AND FOR A SECOND CAUSE OF ACTION

17.    Plaintiff, JOSE CASTELLANOS, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "16" inclusive, with the same force and effect as though fully herein set forth at length.

18.    The abovementioned vehicle owned by plaintiff, JOSE CASTELLANOS, was a 1990 Toyota Suburban, bearing license plate # AJJ4747 for the State of New York, and as a result of the aforementioned accident, the said vehicle was considerably damaged and plaintiff was caused to incur an expense of $2,500.00 for making necessary repairs to the said vehicle in order to rectify the property damage caused.

19.    All by reason of the foregoing, plaintiff, JOSE CASTELLANOS, has been damaged in the sum of $ $2,500.00

WHEREFORE, plaintiff, JOSE CASTELLANOS, demands judgment in the First Cause of Action in the sum of $1,000,000.00 and plaintiff, JOSE CASTELLANOS, demands judgment in the Second Cause of Action in the sum of $2,500.00 against defendants, ELRAC INC., CEDRIC G. BARKSDALE, APOSTOLES P. MANOLIS, and SPIROS SYSTEMS 40 INC., together with interest and costs and disbursements of this action including attorney's fees.

DATED:    NEW YORK, NEW YORK      Yours, etc.,
          March 16, 2007           ROSENBLATT, FRASCIELLO &
                                   KNIPPING-DIAZ, LLC
                                   Attorneys for Plaintiff(s)

7

4791 Broadway
New York, New York 10034
(212) 544-8892

# UNIFORM COURT RULE 130-1.1-a CERTIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS.:

I, LAWRENCE ROSENBLATT, the undersigned, an attorney duly admitted to practice in the Courts of New York State, Affirm that I am associated with the law firm of, ROSENBLATT, FRASCIELLO & KNIPPING-DIAZ, LLC, the attorneys of records for plaintiff(s) in the within action; I hereby certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers or the contentions therein are legitimate and its allegation are correct and not frivolous as defined in Subsection c of Section 130-1.1.

Dated: New York, New York
March 16, 2007

LAWRENCE ROSENBLATT

## <u>ATTORNEY'S AFFIRMATION</u>

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

    I, LAWRENCE ROSENBLATT the undersigned, an attorney admitted to practice in the courts of New York State, state that I am, the attorney of record for the plaintiff, in the within action; I have read the foregoing SUMMONS WITH NOTICE AND VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the plaintiff is because the plaintiff is not currently in the county wherein the plaintiff's attorney's office is located.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Based on information contained in the file, conversations had with the client, collection of data and medical research.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      March 16, 2007

                          LAWRENCE ROSENBLATT

Index:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JOSE CASTELLANOS,

                              Plaintiff,

              -against-

ELRAC INC., CEDRIC G. BARKSDALE, APOSTOLES P. MANOLIS, and SPIROS
SYSTEMS 40 INC.,

                             Defendants.

## SUMMONS WITH NOTICE and VERIFIED COMPLAINT

### ROSENBLATT, FRASCIELLO & KNIPPING-DIAZ, LLC
Attorneys for Plaintiff
4791 Broadway
New York, New York 10034
(212) 544-8892

Service of a copy of the within is hereby admitted.
DATED: NEW YORK, NEW YORK

_____

Attorney(s) for plaintiff

Sir:- Please take notice
NOTICE OF ENTRY
that the within is a (certified) true copy of a Decision and Order duly entered in the office of the clerk
of the within named court on         , 2007.

NOTICE OF SETTLEMENT
that an order         of which the within is a true copy will be presented for settlement to the
HON.         one of the judges of the within named court, at
on     at     M.
Dated,
                        Yours, etc. [Signature pursuant to Rule 130-1.1-a]

### ROSENBLATT, FRASCIELLO & KNIPPING-DIAZ, LLC
4791 Broadway
New York, New York 10034
(212) 544-8892



SRL:FFA:ZAC
2007 V 00748

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
JOSE CASTELLANOS,                   :      **DECLARATION OF**
                                    :      **RAYMOND GATTO**
            Plaintiff,              :
                                    :      Civil Action No.
                                    :      CV-07-_____
      -against-                     :
                                    :      (_____, J.)
ELRAC Inc., CEDRIC G. BARKSDALE,    :      (_____, M.J.)
APOSTOLES P. MANOLIS, and SPIROS    :
SYSTEMS 40, Inc.,                   :
                                    :
            Defendants.             :
                                    :
- - - - - - - - - - - - - - - - - -x

        1.   I am a Paralegal in the Federal Bureau of
Investigation's ("FBI") Office of the Chief Division Counsel, Legal
Unit, located at 26 Federal Plaza, New York, NY.   I am familiar
with the official records of administrative tort claims maintained
by the FBI, as well as with the system by which those records are
maintained.   I am also familiar with records maintained by the FBI
concerning the establishment of task forces comprising FBI and
state and local law enforcement personnel, and the identities of
state and local law enforcement personnel designated to such task
forces.

        2.   The Office of the Division Counsel maintains and/or
has access to records of administrative tort claims filed with the
FBI, its agents, employees, or deemed employees.

        3.   A search of the FBI's records reveals that no
administrative tort claim has been filed by Plaintiff, or by any

*Castellanos v. ELRAC, Inc., et al.*
*Declaration of Raymond Gatto*

person or entity acting on behalf of Plaintiff, relating to the subject matter of the complaint in this action.

4.   I have also reviewed official FBI records concerning the FBI/NYPD Joint Terrorism Task Force ("JTTF").   The JTTF is a task force comprised of NYPD and FBI investigative and law enforcement personnel, as well as personnel from other federal law enforcement agencies.   NYPD personnel assigned to the JTTF are designated as federal agents for purposes of their work with the JTTF.   NYPD personnel designated to the JTTF are deemed to ne FBI employees for purposes of 5 U.S.C. § 3374.

5.   A review of the FBI's records reveals that, at the time of the incident alleged in the complaint, Detective Cedric G. Barksdale was an NYPD employee assigned to the JTTF, was designated a federal agent for purposes of his work with the JTTF, and was acting in his capacity as a designated federal agent at the time of the events alleged in the complaint.   Records reflecting Detective Barksdale's status as a designated member of the JTTF are annexed hereto as Exhibit "B-1".

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:   New York, NY
         May _16_, 2007

                              By: _Raymond Gatto_____
                                  RAYMOND GATTO

-2-

U.S. Department of Justice

# UNITED STATES MARSHALS SERVICE
# SPECIAL DEPUTATION APPOINTMENT

## OATH OF OFFICE

**CEDRIC C. BARKSDALE**

I, _____, (Use name as stated on authorization) do solemnly swear (affirm) that I will faithfully execute all lawful orders issued under the authority of the United States directed to the United States Marshal, the United States Marshals Service, or to an appropriate Federal Official. I will perform the duties of a Special Deputy United States Marshal with integrity, professionalism, and impartiality. I will exercise the authorities as limited by this Special Deputation solely in furtherance of the mission for which I have been specially deputized, and only while this Special Deputation shall be in effect. I agree to abide by the conditions set forth in the appointment. So help me God.

Subscribed and sworn to me this

**16** day of **MAY**, **2002**.

_____
Signature of Appointee

at **NEW YORK**, **NY**
City State

_____
Signature of U.S. Marshal or Officer Administering Oath

**MAY 31, 2004**
Expiration Date of Special Deputation

**SOUTHERN DISTRICT OF NEW YORK**
District or Division

## AGENCY EMPLOYMENT

Appointee's Employer: **NYCPD**          Sponsoring Agency: **FBI/SOUTHERN NEW YORK**

Sponsoring Agency Contact during Special Deputation (U.S. Marshal or Designated Federal Official):
**JOSEPH DEMAREST, JR. A/ASAC FBI S/NY 212 384-2804**

**Questions in reference to Special Deputation should be referred to the appointee's sponsoring agency.**

## LIMIT OF SPECIAL DEPUTATION AUTHORITY

___ To serve as a special agent of an Inspector General's Office through an MOU with the Department of Justice
___ To protect persons under federal assault statutes
_x_ To seek and execute arrest and search warrants supporting a federal task force
_x_ To monitor Title III intercepts
___ To serve as a prisoner guard
_X_ Other (please explain) **"NOT AUTHORIZED TO PARTICIPATE IN FEDERAL DRUG INVESTIGATIONS UNLESS ALSO DEPUTIZED BY DEA OR FBI."**

## TERMS OF SPECIAL DEPUTATION

The individual named herein is appointed, under authority delegated by the Attorney General, to perform the duties of the Office of Special Deputy United States Marshal as directed by an appropriate official of the United States Marshals Service or some other appropriate Federal Official as so designated. This appointment does not constitute employment by the United States Marshals Service, the United States Department of Justice, or the United States Government. The appointee agrees to perform the duties required under this Special Deputation with the knowledge that he or she is neither entering into an employment agreement with the Federal Government or any element thereof, nor being appointed to any position in the Federal Service by virtue of this special deputation. The appointee understands and acknowledges that the authorities vested in him or her by this special deputation can only be exercised in furtherance of the mission for which he or she has been specially deputized and extend only so far as may be necessary to faithfully complete that mission. Moreover, those authorities terminate at the expiration of the term of the Special Deputation.

Original (blue)—Appointee          Previous Editions of USM-3 and USM-3A Obsolete          Form USM-3, 3A
(Rev. 08/18/99)

SRL:FFA:ZAC
2007 V 00748

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
JOSE CASTELLANOS,                   :        **CERTIFICATION**
                                    :
                Plaintiff,          :        Civil Action No.
                                    :        CV-07-_____
        -against-                   :
                                    :        (_____, J.)
ELRAC Inc., CEDRIC G. BARKSDALE,    :        (_____, M.J.)
APOSTOLES P. MANOLIS, and SPIROS    :
SYSTEMS 40, Inc.,                   :
                                    :
                Defendants.         :
                                    :
- - - - - - - - - - - - - - - - - -x

        By virtue of the authority vested in this Office by the
Attorney General under 28 C.F.R. § 15.3, it is hereby certified on
the basis of the information now available with respect to the
incident(s) referred to in the Verified Complaint filed in the
Supreme Court of the State of New York, Queens County, under Index
No. 7266/2007, that  CEDRIC G. BARKSDALE, at all times relevant
hereto, was an employee of the New York City Police Department
("NYPD"), deputized as an officer of the United States of America
for purposes of service with the FBI/NYPD Joint Terrorism Task
Force, and was acting within the course and scope of his employment
as a deputized federal employee, eligible for coverage under the
Federal Tort Claims Act pursuant to 5 U.S.C. § 3374.

        Accordingly, I certify that CEDRIC G. BARKSDALE, was
acting within the scope of his employment as a deemed employee of
the United States for the purposes of the Federal Tort Claims Act

at the time of such incident(s), and as such the UNITED STATES OF AMERICA is hereby substituted as a party defendant for CEDRIC G. BARKSDALE, pursuant to 28 U.S.C. § 2679.

Dated:      Brooklyn, New York
            May 30, 2007

                              ROSLYNN R. MAUSKOPF
                              United States Attorney
                              Eastern District of New York
                              One Pierrepont Plaza, 14th Floor
                              Brooklyn, New York   11201

                    By:       _____
                              ZACHARY A. CUNHA (ZC 5946)
                              Assistant U.S. Attorney
                              (718) 254-6094

                                   -2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                 :
JOSE CASTELLANOS,                :      **ORDER OF SUBSTITUTION**
                                 :
                  Plaintiff,     :      Civil Action No.
                                 :      CV-07-_____
     -against-                   :
                                 :      (_____, J.)
ELRAC Inc., CEDRIC G. BARKSDALE, :      (_____, M.J.)
APOSTOLES P. MANOLIS, and SPIROS :
SYSTEMS 40, Inc.,                :
                                 :
                  Defendants.    :
                                 :
-- - - - - - - - - - - - - - - -x

          The Court having been fully apprised that the Attorney

General's designee has certified that defendant CEDRIC G. BARKSDALE

was acting within the scope of his deemed federal employment in

accordance with 5 U.S.C. § 3374 at the time of the incident giving

rise to this suit, it is hereby ORDERED that, pursuant to the

provisions of 28 U.S.C. § 2679(b)(2) and §2679(d)(2), all claims

set forth in the complaint are dismissed with respect to the

defendant CEDRIC G. BARKSDALE, on the ground that the exclusive

remedy for these claims is an action against the United States and

because the United States has been substituted as the sole

defendant on those claims.


          THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK

It is further ORDERED that the caption of this action shall be amended to reflect the substitution of the United States of America as a defendant in place of CEDRIC G. BARKSDALE, as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                               :

JOSE CASTELLANOS,               :
                               :
            Plaintiff,     :
                               :
    -against-          :
                               :
ELRAC Inc., THE UNITED STATES OF :
AMERICA, APOSTOLES P. MANOLIS,  :
and SPIROS SYSTEMS 40, Inc.,    :
                               :
          Defendants.    :
                               :
-- - - -  - - - - - - - - - - - -x

SO ORDERED at Brooklyn, New York
this _____ day of _____, 2007.


_____
HONORABLE
UNITED STATES DISTRICT JUDGE

<u>DECLARATION OF SERVICE</u>

Zachary A. Cunha hereby declares and states as follows:

That on the 30th day of May, 2007 I caused to be mailed by
Federal Express from One Pierrepont Plaza, 14th Floor, Brooklyn,
New York, the following:

**NOTICE OF REMOVAL**

of which the annexed are true copies contained in a securely
enclosed Federal Express wrapper directed to the person(s) at the
place(s) and address(es) as follows:

Clerk of Court
Supreme Court of the State of New York,
County of Queens
88-11 Sutphin Blvd.
Jamaica, NY 11435

Lawrence Rosenblatt, Esq.
Rosenblatt, Frasciello, & Knipping-Diaz, LLC
4791 Broadway, New York, NY 10034

Spiros Systems 40, Inc.
50-06 Bovine Street
Flushing, NY 11355

Apostolis P. Manolis
20-33 Shore Boulevard
Astoria, NY 11105

The undersigned affirms under penalty of perjury that the
foregoing is true and correct.

Dated:     Brooklyn, New York
           May 30, 2007

ZACHARY A. CUNHA

-5-