```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
JOSE CASTELLANOS,                                       :
                                                        :
                              Plaintiff,                :   **Memorandum and Order**
                                                        :
              -against-                                 :   07-cv-2191 (DLI)(KAM)
                                                        :
ELRAC INC., CEDRIC G. BARKSDALE,                        :
APOSTOLES P. MANOLIS, and SPIROS                        :
SYSTEMS 40, INC.,                                       :
                              Defendants.               :
                                                        :
                                                        :
------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff filed this action in New York State Supreme Court, Queens County, asserting negligence claims against the owners and operators of two motor vehicles involved in an accident with his vehicle on the FDR Drive in Manhattan on May 26, 2004. Plaintiff is seeking money damages for injury to his person and his vehicle. All named parties in this action are domiciled in New York. The United States removed the action to this court and moved to substituted itself in the place of defendant Cedric G. Barksdale pursuant to Section 2679(d)(2) of the Federal Tort Claims Act ("FTCA"). The United States then moved to dismiss the plaintiff's negligence claims against it pursuant Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The government contends that the court is without subject matter jurisdiction to adjudicate the case because plaintiff has not exhausted administrative remedies under FTCA. Since the time to seek such remedies has passed, the government asks that dismissal be made with prejudice. Plaintiff has not filed any opposition to the government's motion, which the

court deems unopposed.[1] For reasons set forth below, the court upholds the government's removal and substitution, grants the motion to dismiss and remands the remaining claims back to state court.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(1), the court accepts as true all factual allegations in the complaint. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998). However, "inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Rather, it is the plaintiff's burden to prove subject matter jurisdiction "by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.2005). A case is properly dismissed under Rule 12(b)(1) when "the district court lacks statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

## DISCUSSION

After plaintiff filed this action in state court on or about March 16, 2007, the United States removed this case and substituted itself for defendant Barksdale pursuant to 28 U.S.C. § 2679(d)(2), which provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his . . . employment at the time of the incident out of which the claim arose, any civil action . . . commenced upon such claim in a State court shall be removed . . . any time before trial by the Attorney General to

---

[1] Plaintiff's response to the government's motion to dismiss was due on June 20, 2007. On February 15, 2008, the Court ordered the plaintiff to show cause by February 29, 2008, as to why the government's motion should not be deemed unopposed and why the matter should not be dismissed for the lack of subject matter jurisdiction and failure to prosecute. Not having received any response from the plaintiff, the court deems the government's motion unopposed.

2

> the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action . . . shall be deemed to be an action . . . brought against the United States . . . , and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of . . . employment for purposes of removal.

28 U.S.C. § 2679(d)(2). The Assistant United States Attorney certified that Barksdale, a detective with the New York City Police Department ("NYPD") was deputized by the United States to serve on the FBI/NYPD Joint Terrorism Task Force ("JTTF"), and was acting within the scope of his deputation to the JTTF at the time of the alleged accident. (*See* Certification of Zachary A. Cunha, ¶ 4, attached as Exh. C to Notice of Removal, Dkt. No. 1). Plaintiff has not submitted any objections to the government's certification.

FTCA provides that a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). *See Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991)(finding individual federal law enforcement agents immune from suit on claims for common law tort arising from the agents' scope of employment, and FTCA suit against the United States, plaintiff's exclusive remedy). Federal district courts have "exclusive jurisdiction of civil action on claims against the United States, for money damages . . . for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The plaintiff's negligence claims against Barksdale sound in tort and arise out of alleged acts or omissions committed in the scope of his deputized employment for the United States. Therefore the action against Barksdale must be deemed as one against the federal government, in which substitution by the United States is proper.

Having upheld the removal and substitution of the United States, the court must then determine whether plaintiff can maintain a sufficient FTCA claim to confer subject matter jurisdiction upon this court. Under the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or within six months of when the agency has issued its final denial of administrative remedy. 28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a). Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim "forever barred." 28 U.S.C. § 2401(b). The exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76 (2d Cir. 2005) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). The government has declared that the Federal Bureau of Investigations ("FBI") has not received any written request for administrative remedy relating to the alleged accident in this case. (*See* Declaration of Raymond Gatto, dated May 30, 2007, ¶ 3, attached as Exh. B to Declaration of Zachary A. Cunha in Support of Motion to Dismiss, Dkt. No. 5). Plaintiff has not shown any effort on its part to avail itself of the agency's administrative remedies. Dismissal for failure to exhaust the administrative remedies is warranted on the negligence claims against the United States.

The government argues that plaintiff's failure to exhaust administrative remedies cannot be cured because more than two years have elapsed since the claim accrued on the date of the accident, May 26, 2004. Under 28 U.S.C. § 2679(d)(5), a plaintiff, whose case is removed and dismissed for failure to exhaust administrative remedies, may present his claim to the relevant federal administrative agency within 60 days after the dismissal of his case, *if* his FTCA claim would have been timely had it been filed on the date of the underlying state action. In this case, the state court action was filed on or about March 16, 2007, which is more than two years after

4

the alleged accident, and outside the time frame provided under 28 U.S.C. § 2401(b). Therefore, plaintiff can no longer seek his administrative remedy post-dismissal.[2] Accordingly, plaintiff's claim against the United States is forever barred and the court is without subject matter jurisdiction under FTCA to adjudicate the claim. The government's motion to dismiss the claims against it as the substitute party for defendant Barksdale is granted. Furthermore, the remainder of the case is remanded back to New York State Supreme Court, Queens County.

---

[2] In *Celestine*, the Second Circuit noted that when the "federal statute of limitation is shorter than the state statute, a plaintiff (reasonably thinking that he has a state law claim) may well bring suit within the statute-of-limitations window, and yet be outside of the federal one." 403 F.3d at 84. The court reasoned that it would "seem . . . unjust to treat such a timely state suit as federally barred" and suggested such situations "may well require equitable tolling." *Id. See also Valdez v. United States*, __ F.3d ___, 2008 WL 553541 (2d Cir. Feb. 29, 2008)(discussing *Celestine* but not reaching the issue of equitable tolling). The statute of limitations in New York for negligence claims is three years. N.Y. C.P.L.R. § 214. A cause of action accrues when acts or omissions constituting negligence produce injury. *Schwartz v. Heyden Newport Chemical Corp.*, 237 N.Y.S.2d 714 (1963), Cert. denied, 347 U.S. 808 (1963). Thus, in this case, plaintiff filed his lawsuit within the state statute-of-limitations window but outside the federal one. The court declines to apply equitable tolling, however, because the plaintiff has not diligently prosecuted this case in federal court. *See Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96 (finding that courts have applied equitable tolling "sparingly," to situations where claimant has actively pursued his judicial remedies, but are less forgiving of claimants who have failed to diligently preserve their legal rights). Plaintiff has not opposed or otherwise responded to the government's motion and ignored the court's order to show cause giving him more time to respond and warning of dismissal for failure to prosecute. In light of plaintiff's unresponsiveness, the court finds equitable tolling to be unwarranted in this case.

## CONCLUSION

Accordingly, based on the foregoing, the government's motion to be substituted for defendant Barksdale is granted and the government motion to dismiss this action is also granted, with prejudice. The remainder of the case is remanded to New York State Supreme Court, Queens County for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2008

/s/
DORA L. IRIZARRY
United States District Judge